**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary K. Doyle | No. CV-19-04673-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Mary Doyle's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act (the "Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, Pl. Br.), Defendant Social Security Administration Commissioner's Opposition (Doc. 13, Def. Br.), and Plaintiff's Reply (Doc. 17, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 11, R.), and now affirms the Administrative Law Judge's ("ALJ") decision (R. at 11–25) as upheld by the Appeals Council (R. at 1–6.)

**I.   BACKGROUND**

Plaintiff filed an Application for Disability Insurance Benefits on June 12, 2016, alleging disability beginning August 4, 2014. (R. at 14.) Her claim was denied initially on December 8, 2015, and upon reconsideration on March 22, 2016. (R. at 14.) On January 25, 2018, Plaintiff appeared before the ALJ for a hearing regarding her claim. (R. at 14.)

On July 13, 2018, the ALJ denied Plaintiff's claim, and on May 13, 2019, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 1–6.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The Court will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: small fiber neuropathy and bilateral carpal tunnel syndrome. (R. at 16.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff is not disabled. (R. at 20.) The ALJ determined that Plaintiff "d[oes] not have an impairment or combination of impairments that m[eets] or medically equal[s] the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 16.) The ALJ also calculated Plaintiff's residual functional capacity ("RFC") and found that Plaintiff can perform light work, except she is limited to frequent fingering. (R. at 17.) Accordingly, the ALJ found that Plaintiff can perform her past relevant work as a dental assistant and is not disabled. (R. at 20.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration. First, she argues that the ALJ misevaluated the opinion of Plaintiff's treating physician, Dr. Darry Johnson. (Pl. Br. at 1–2.) Second, she argues that the ALJ erroneously rejected her symptom testimony. (Pl. Br. at 2.) For the reasons that follow, the Court rejects Plaintiff's arguments and affirms the ALJ's decision.

**A. The ALJ correctly rejected Dr. Johnson's opinion because it was inconsistent with his own medical records.**

Dr. Johnson completed a medical source statement on Plaintiff's behalf and opined to limitations that the ALJ concluded would be work-preclusive. (R. at 19, 61.) The ALJ gave the opinion little weight because it was purportedly inconsistent with Dr. Johnson's treatment records and Plaintiff's testimony. (R. at 19.) Plaintiff argues that this was error

because the ALJ failed to explain how Dr. Johnson's examination findings undermine his opinion regarding Plaintiff's limitations. The Court disagrees.[1]

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(d)(2)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

The Court concludes that the ALJ correctly rejected Dr. Johnson's opinion because "it was inconsistent with his treatment of the claimant." (R. at 19.) This rationale was specific and legitimate and supported by substantial evidence. *See Bayliss*, 427 F.3d at 1216. Dr. Johnson opined to serious limitations that would preclude all work. (R. at 526–27.) Notably, Dr. Johnson opined that Plaintiff could only use her hands for grasping and turning and twisting objects, and her fingers for fine manipulations for two percent of each workday. (R. at 527.) However, Dr. Johnson's treatment records do not support his conclusions and the ALJ adequately identified findings in Dr. Johnson's treatment records that undermine his opinion. The ALJ correctly identified that his records routinely evidence normal functioning, gait, and strength. (R. at 19.) Dr. Johnson found that Plaintiff

---

[1] Plaintiff is correct that the ALJ erroneously rejected Dr. Johnson's opinion on the additional basis that it was inconsistent with Plaintiff's testimony. (Pl. Br. 18.) The ALJ's conclusion that Plaintiff's testimony was inconsistent with Dr. Johnson's opinion "was over-broad." (Pl. Br. at 18.) Nevertheless, the ALJ's error was harmless because the ALJ offered a separate, sufficient basis for rejecting Dr. Johnson's opinion—its inconsistency with his own treatment records. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

experienced only mild carpal tunnel syndrome. (R. at 243.) He noted that Plaintiff had no problems driving and that wrist splints have helped her. (R. at 267.) Finally, he also found that Plaintiff had normal gait, intact pinprick and light touch testing over her feet, and brisk and equal fine finger movements. (R. at 285.) These normal findings are inconsistent with the substantial limitations that Dr. Johnson opined to. Accordingly, the ALJ appropriately gave minimal weight to Dr. Johnson's opinion.

> **B.    The ALJ correctly rejected Plaintiff's symptom testimony because it was inconsistent with her conservative medical treatment and activities of daily living.**

At her hearing, Plaintiff testified that she experiences disabling symptoms in her hands, feet, and back. (R. at 38, 51.) Nevertheless, the ALJ rejected Plaintiff's testimony for two reasons. First, the ALJ found that Plaintiff pursued only conservative treatment for her conditions. (R. at 18.) Second, the ALJ found that Plaintiff reported daily activities that are inconsistent with her complaints regarding the severity of her limitations. (R. at 18.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence, then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id*. at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

The ALJ did not err in rejecting Plaintiff's testimony because her alleged limitations were inconsistent with her conservative medical treatment. *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007). The ALJ correctly identified that Plaintiff took minimal, non-prescription medication for her pain. (R. 19.) Though Plaintiff testified that she could not afford medication, this explanation does not mitigate other aspects of her conservative pursuit of treatment. (R. at 19.) Plaintiff also alleged that she did not continue to receive ongoing treatment with Dr. Johnson because his office was too far from her home, but she did not attempt to obtain a referral to a closer neurologist. (R. at 19.) Plaintiff testified that her back prevents her from sitting, but she is not receiving treatment for it. (R. at 51–52.) As of the date her hearing, she had not seen her primary care doctor recently. (R. at 52.) Finally, according to Plaintiff, she has not seen a hand-specialist, had surgery, or done physical therapy. (R. at 41, 53.) Accordingly, substantial evidence supports the ALJ's conclusion that Plaintiff sought only conservative treatment, and the ALJ did not err in rejecting her testimony on that basis.

Moreover, substantial evidence supports the ALJ's conclusion that Plaintiff's activities of daily living contradict her symptoms of disabling symptoms. Plaintiff testified that she regularly drives, reads books and the newspaper, and waters her flowers. (R. at 47, 57.) During a consultative examination, Plaintiff reported that a typical day involves doing puzzles and chores. (R. at 362.) Plaintiff argues that the ALJ erred by failing to point to specific testimony that Plaintiff's daily activities undermine any particular symptoms. (Pl. Br. at 22.) The Court disagrees and finds that the ALJ adequately explained how Plaintiff's testimony regarding her symptoms is directly undermined by her performance of activities of the type and duration that are inconsistent with her allegedly disabling symptoms. Nevertheless, even if the ALJ incorrectly relied on this basis, the error was harmless because she provided a sufficient and independent basis for rejecting Plaintiff's testimony—Plaintiff's conservative treatment. *Stout*, 454 F.3d at 1055. Therefore, the ALJ did not err in rejecting Plaintiff's testimony.

**IT IS THEREFORE ORDERED** affirming the July 13, 2018 decision of the ALJ (R. at 11–25), as upheld by the Appeals Council on May 13, 2019.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 15th day of June, 2020.

Douglas L. Rayes
United States District Judge